IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUANE K. MILLER CIVIL
ENGINEERING, INC.,

        Plaintiff,                      CIV. NO. S-10-3337 JAM GGH PS

    vs.

UNITED STATES POST OFFICE,

        Defendant.                FINDINGS AND RECOMMENDATIONS
_____/

        On February 18, 2011, this court ordered plaintiff to show cause in writing by March 10, 2011, why sanctions should not be imposed for failure to timely file an opposition or statement of non-opposition to defendant's motion, filed December 20, 2010. Plaintiff did not respond to the order. At that time, defendant's motion was vacated from the law and motion calendar for February 24, 2011, and taken under submission. Upon review of the motion and the documents in support, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Pursuant to E. D. Local Rule 230(i), failure to appear at the hearing may be deemed withdrawal of the motion or opposition, and may result

1

in sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Local Rule 183, governing persons appearing <u>in propria persona</u>, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

By order filed December 14, 2010, plaintiff was advised of the above requirements for filing opposition under the Local Rules. In addition, by order filed February 18, 2011, plaintiff was again advised of the requirements under the Local Rules, afforded additional time to file opposition, cautioned that failure to file opposition would be deemed a statement of non-opposition and would result in a recommendation that defendant's motion be granted. Plaintiff has not responded to the order to show cause, and has again failed to file opposition. Pursuant to the February 18th order and the local rules, therefore, the court deems the failure to file an opposition as a non-opposition to the pending motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).[1] The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987); <u>Jacobsen v. Filler</u>, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In recommending that this action be dismissed, the court has considered the factors set forth in <u>Ghazali</u>. "The first two of these factors favor the imposition of sanctions in

---

[1] Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. <u>See</u> <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as <u>Ghazali</u>).

most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." <u>Wanderer v. Johnston</u>, 910 F.2d 652, 656 (9th Cir.1990). Defendant is prejudiced by the inability to reply to opposition, and the costs and effort expended in responding to frivolous complaints which plaintiff has not bothered to oppose. Moreover, delay is nearly always prejudicial. The court has repeatedly advised plaintiff of the requirements under the Local Rules and that this action is subject to dismissal, directed plaintiff to file statements of opposition or no opposition, and granted ample additional time to oppose the pending motion, all to no avail. The court therefore concludes that there is no suitable alternative less drastic sanction to dismissal.

Furthermore, the court has reviewed defendant's motion, and finds that it has facial merit.

IT IS RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 04/22/11

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/DuaneMiller3337.mtd.wpd

3